IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01178-RBJ-MJW

SEAN NALETTE, individually,
JAMES CURRAN, individually,
and on behalf of others similarly situated,

    Plaintiffs.

v.

STEAMBOAT SKI & RESORT CORPORATION,
a Delaware Corporation,

    Defendant.

## ORDER

This case is before the Court on plaintiffs' motion to dismiss without prejudice [docket #60]. For reasons discussed below, defendant opposes the motion. Two other motions that are pending are plaintiffs' motion to conditionally certify a collective action [#26] and defendant's motion for summary judgment [#37]. The somewhat usual status of the case requires some explanation.

**Facts and Case History**

Plaintiffs Sean Nalette and James Curran are, or at least have in the past been, ski instructors who have worked at the Steamboat Springs, Colorado resort. They filed their Complaint case on May 3, 2011 and an Amended Complaint on August 16, 2011. They claim that the resort has violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), by failing to pay certain regular and overtime compensation to which they were entitled. Specifically, they allege

1

that the defendant required them to spend at least 15 minutes each work day assisting guests, such as by evaluating the level of instruction that was appropriate for them, and required them to be "on call" for several hours if they were not assigned a morning lesson, all with no compensation. They indicated that they were bringing this action on behalf of themselves and all other current and former "similarly situated" employees who might elect to opt in.

A Scheduling Order was entered by a magistrate judge on August 29, 2011. Among other things it set a discovery cut-off date of February 29, 2012; a dispositive motions deadline of March 29, 2012; and a final pretrial conference on May 31, 2012. However, those deadlines have not been met, and no trial date has been set. Instead, although motions by plaintiffs to certify a collective action and by the defendant for summary judgment were filed, the parties requested a stay of proceedings pending completion of a tentative settlement and submission of a joint motion to dismiss. The magistrate judge granted the stay and also stayed discovery by order issued January 30, 2012.

On February 29, 2012 the parties filed a joint motion for approval of a confidential settlement and dismissal with prejudice. The settlement papers were tendered to the Court under seal and sought approval of a settlement on behalf of the two originally named plaintiffs plus ten other individuals. The Court requested that the parties set a hearing. At the hearing, held on March 21, 2012, the Court indicated that it was unwilling to approve the proposed settlement as tendered because of the percentage of the settlement funds that would go to plaintiffs' attorneys and the percentage of what remained that would go to the two originally named plaintiffs.

Plaintiffs then filed a motion to dismiss the case without prejudice [#60]. They indicated that after the Court declined to approve the proposed settlement, the defendant withdrew its settlement offer and instead insisted that it wanted the Court to rule on the pending summary

2

judgment motion. However, according to the plaintiffs, because they had devoted their time and energy to the settlement, little discovery had been obtained. The motion states: "Due to the pending deadlines, the incompleteness of discovery, the lack of several 'opt-in' plaintiffs, and the Defendant making some positive employment policy changes, the named Plaintiffs respectfully request that this case be dismissed, without prejudice . . . so that they may (1) re-file this action in State Court and/or (2) come back to Federal Court to the extent necessary and with all of the similarly situated employees of Defendant as named plaintiffs." *Id.* ¶12. Defendant responded by insisting that the Court either dismiss the case with prejudice or decide the pending summary judgment motion.

What has occurred in this case is, in my view, a misuse of the collective action process. The plaintiffs appear not to have had a serious desire to prosecute the case. The attorneys were to receive the biggest share of the proposed settlement. The defendant, whose interest was in buying its peace, did not care how the money was being distributed. The two originally named ski instructors received small settlements, and the remaining 10 instructors who would opt in would be settling for next to nothing. When that proved unacceptable, plaintiffs have elected not to pursue the case in this court. Instead, they hope to dismiss this case without penalty and potentially start up again in another court.

This procedure has obvious earmarks of forum shopping. This amounts to forum shopping, and I am not prepared to go along with it. A motion for summary judgment has been pending since December 15, 2011 without a response, even though the defendant has signaled its refusal to settle or to consent to a dismissal without prejudice. The Court deems the motion for summary judgment to have been confessed. Accordingly, as against Mr. Nalette and Mr. Curran,

the motion for summary judgment is granted. This order does not prejudice the rights of any other ski instructor who has worked at the Steamboat Springs resort.

**Order**

1. Motion #37 is GRANTED. The claims of Sean Nalette and James Curran are dismissed with prejudice. Because a collective action was never certified and the attempt to opt in by other instructors was not accepted, the dismissal does not compromise or otherwise affect the claims of any other individual.
2. Motion #26 is DENIED AS MOOT.
3. Motion # 60 is DENIED.
4. Final judgment will enter dismissing this civil action as indicated above. Given the circumstances, the Court declines to award costs. Each party will bear his and its own costs and attorney's fees.

DATED this 29th day of May, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge